Argued September 25, 1978, affirmed January 15, 1979

## STATE OF OREGON, *Respondent,*
### *v.*
## ROBERT SUPER, *Appellant.*
### (No. C 77-08-11953, CA 10692)

589 P2d 741

S. Randall Johnson, Certified Law Student, Salem, argued the cause for appellant. With him on the brief were Gary D. Babcock, Public Defender, and Marianne Oswald, Deputy Public Defender, Salem.

Catherine Allan, Assistant Attorney General, Salem, argued the cause for respondent. With her on the briefs were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Lee and Richardson, Judges.

LEE, J.

**LEE, J.**

Defendant was tried by a jury and found guilty of both conspiracy to commit robbery in the first degree (conspiracy) and robbery in the first degree (robbery). The defendant did not testify. His two co-conspirators did.[1] The testimony of one was that the defendant conspired to commit the robbery and then participated in it. The testimony of the other was that defendant was not involved. Upon return of the two guilty verdicts, the court entered a judgment, in accordance with ORS 161.485(3),[2] which stated that "Count I [conspiracy] is hereby merged with Count II [robbery] for purposes of sentencing and conviction." On appeal, defendant contends that the trial court erred in refusing to give his requested instruction on conspiracy to commit theft in the second degree.

In *State v. Washington,* 273 Or 829, 836, 543 P2d 1058 (1975), the court said:

> "* * * The single limitation on the right of either the prosecution or the defendant to request lesser included offense instructions under these statutes is that there must be evidence, or an inference which can be drawn from the evidence, which supports the requested instruction so that the jury could *rationally* and consistently find the defendant guilty of the lesser offense and innocent of the greater. [Footnote omitted] * * *" (Emphasis supplied.)

Under the evidence, the jury could have found defendant guilty of conspiracy to commit robbery or not guilty of any conspiracy. There was no *rational basis* on which the jury could have found defendant guilty of conspiracy to commit theft rather than robbery. Under these circumstances, the failure to give the requested

---

[1] Both had previously been convicted of the robbery involved here.

[2] ORS 161.485(3) provides:

"A person shall not be convicted on the basis of the same course of conduct of both the actual commission of an offense and an attempt to commit that offense or solicitation of that offense or conspiracy to commit that offense."

[ 5 ]

instruction did not and could not have prejudiced defendant.

Affirmed.